UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS L. CAVES,<br>    *Plaintiff*,<br><br>v.<br><br>FRANKIE CUEVAS and RICHARD P.<br>BENOIT,<br>    *Defendants*. | No. 3:17-cv-01687 (JAM) |

**INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Thomas L. Caves is a prisoner in the custody of the Connecticut Department of Correction. He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. He also alleges state law claims against defendants. Plaintiff is suing Dentist Frankie Cuevas in his individual capacity and Director of Dental Services Richard P. Benoit in his individual and official capacities. After initial review, I conclude that the complaint should be served on the defendants.

**BACKGROUND**

Plaintiff has had four impacted wisdom teeth since December 2011, and he has been complaining about dental pain and lack of sleep since January 2012. In May 2012, a dentist at Manson Youth Institute extracted one wisdom tooth because of plaintiff's severe pain, but he did not remove the other three wisdom teeth. Due to his ongoing pain, plaintiff underwent several evaluations that revealed that the remaining wisdom teeth were non-restorable. A second wisdom

tooth was extracted at some point because of the pain. Plaintiff was then placed on a waiting list to have the two remaining teeth removed at the University of Connecticut Health Center. In the summer of 2015, plaintiff had two abscessed teeth. On August 24, 2015, plaintiff was seen by a dentist at Osborn Correctional Institution, and this dentist said she would extract the remaining two wisdom teeth because the teeth put plaintiff at risk of life-threatening infection. Doc. #1 at 2–3 (¶¶ 9–16).

On December 14, 2015, plaintiff saw defendant Cuevas at MacDougall Correctional Institution to address his tooth pain and to inquire about the surgery to remove his two wisdom teeth. Cuevas said that there were serious risks when extracting lower wisdom teeth, such as a broken jaw and loss of taste or feeling. He said that he would not perform the extraction himself, but would submit a referral for the surgery to be performed at the University of Connecticut Health Center. On December 17, 2015, plaintiff submitted a request to the dental unit seeking pain medication and a soft food diet. Both requests were denied. On December 23, 2015, plaintiff commenced mental health therapy for irritability, agitation, fear, and sleep deprivation. *Id*. at 4 (¶¶ 17–20.).

On December 28, 2015, plaintiff submitted a health services review regarding the lack of dental treatment by Cuevas. In response, Cuevas stated that he sent plaintiff's charts and x-rays to Benoit for evaluation and consultation. On March 1, 2016, plaintiff filed an appeal as he had not gotten a response from either defendant. The appeal was denied. On December 23, 2016, plaintiff wrote to Benoit about his severe pain and his fear that another abscess could cause a deadly infection. In response, Benoit scheduled an examination with the dentist at Corrigan Correctional Center. The dentist, Dr. Fisher, performed an examination and scheduled plaintiff

2

for surgery based on a concern regarding the positions of the remaining teeth and the risk of infection. *Id*. at 4–5 (¶¶ 21–26).

On February 8, 2017, plaintiff reported to sick call for severe mouth pain. The doctor diagnosed a dental abscess in the area that was the subject of plaintiff's prior complaints and prescribed antibiotics. On June 15, 2017, Dr. Fisher extracted the infected tooth, but did not extract the fourth tooth. Plaintiff continues to experience severe pain, cannot chew certain foods, loses sleep, and fears another infection in the remaining tooth. *Id*. at 5–6 (¶¶ 27–30).

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010).

In recent years, the Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d

Cir. 2015).[1]

Plaintiff principally claims a violation of his rights to be free from cruel and unusual punishment under the Eighth Amendment. The Supreme Court has held that a prison official's "deliberate indifference" to a prisoner's serious medical needs amounts to a violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Second Circuit in turn has made clear that a prisoner who claims deliberate indifference to a serious medical need must satisfy two requirements. First, there is an objective requirement—that the prisoner's medical need was sufficiently serious. *See Spavone v. New York State Dep't of Corr. Serv's.*, 719 F.3d 127, 138 (2d Cir. 2013). The prisoner must show that he suffered from an urgent medical condition involving a risk of death, degeneration, or extreme pain. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

Second, there is a subjective requirement: that the defendant have acted recklessly—that is, with an actual awareness of a substantial risk that serious harm to the prisoner would result from the defendant's action or non-action. *See Spavone*, 719 F.3d at 138. It is not enough to allege simple negligence or negligent medical malpractice. *See Hilton v. Wright*, 673 F.3d 120, 122-23 (2d Cir. 2012); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). Instead, a prisoner must show that the defendant acted with the equivalent of a criminally reckless state of mind when denying treatment for the prisoner's medical needs. *See Collazo v. Pagano*, 656 F.3d

---

[1] The Court limits its review for purposes of 28 U.S.C. § 1915A to federal law claims. That is because the core purpose of an initial review order is to make a speedy initial screening determination of whether the lawsuit may proceed at all in federal court and should be served upon any of the named defendants. If there are no facially plausible federal law claims against any of the named defendants, then the Court would decline to exercise supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367. On the other hand, if there are any viable federal law claims that remain, then the validity of any accompanying state law claims may be appropriately addressed in the usual course by way of a motion to dismiss or motion for summary judgment. *See Hamlin v. City of*

131, 135 (2d Cir. 2011) (*per curiam*).

The complaint adequately alleges facts involving an objectively serious medical need—that plaintiff had impacted wisdom teeth that caused severe pain, difficulty eating, and risk of abscesses. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) (inadequate dental care resulting in extreme pain, tooth deterioration, and inability to eat properly constitutes a serious medical need). Plaintiff alleges that the inadequate dental care caused severe pain for extended periods of time, abscesses in three teeth before they were finally extracted, and inability to sleep or eat properly. As of August 2015, extraction of plaintiff's two remaining wisdom teeth was recommended because of plaintiff's pain and risk of infection. Nonetheless, Cuevas allegedly declined to extract the teeth himself and did not follow through on his referral to ensure that the surgery was performed. Although Cuevas responded to the December 2015 services review by stating that he forwarded plaintiff's medical information to review, he allegedly never followed up with plaintiff to ensure the surgery occurred.

Additionally, Benoit allegedly ignored plaintiff's medical condition for nearly a year—from the time that Cuevas forward the information until December 2016, when plaintiff wrote to Benoit about his pain and fear of further abscesses. These allegations are sufficient to satisfy the objective prong demonstrating serious medical need.

Plaintiff has also adequately pled that defendants acted with an actual awareness of a substantial risk that serious harm to the prisoner would result from each defendant's action or non-action. Both Cuevas and Benoit knew of plaintiff's extreme pain and risk of infection for the

---

*Waterbury, et al.*, 2017 WL 4869116, at *1 n.1 (D. Conn. 2017).

remaining impacted wisdom teeth. Despite their knowledge, they allegedly failed to promptly act to address plaintiff's condition. Therefore, plaintiff has satisfied the subjective prong of his deliberate indifference claim.

Plaintiff claims may proceed against both defendants in their individual capacities. To the extent that plaintiff seeks monetary damages against Benoit in his official capacity, I will dismiss plaintiff's claim because official-capacity claims for money damages against state officials are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985). Plaintiff's claim may proceed against Benoit in his official capacity insofar as plaintiff seeks declaratory and injunctive relief. *See Virginia Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1639 (2011).

## CONCLUSION

The Court enters the following orders:

(1) **The Clerk shall** verify the current work addresses of defendants Cuevas and Benoit with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to each defendant at the address provided within **twenty-one (21) days** of this Order, and report to the Court on the status of those waiver requests on the thirty-fifth day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) **The Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the

complaint on defendant Benoit in his official capacity at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(3) **The Clerk shall** send plaintiff a copy of this Order.

(4) **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5) The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated.

Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. Plaintiff should also notify the defendant or the attorney for the defendant of his new address.

(10) Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court.

It is so ordered.

Dated at New Haven this 27th day of November 2017.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge